### WILLIAM J. BERRY v. WILLIAM C. CHAPMAN, ET AL.

**Pleading—Promissory Note.**

A complaint on a promissory note is insufficient to support a judgment when it fails to aver an indebtedness or a promise to pay on the part of a defendant.

**Pleading Conclusions.**

In a complaint on a promissory note it is pleading only a legal conclusion to aver that the defendant executed his note.

**Necessary Averments.**

A plaintiff, in order to recover on a note, must aver in his pleading that the defendant is indebted to him or owes him something and has promised to pay it.

#### APPEAL FROM OHIO CIRCUIT COURT.

#### February 15, 1877.

OPINION BY JUDGE ELLIOTT:

The plaintiffs aver in their petition that the appellant, on the 29th of October, 1872, executed his promissory note for the sum of $652.48 and made it due one day after date.

To the appellees' petition the appellant demurred, and the court having overruled the demurrer he has appealed. In the case of *I. A. Huffaker v. National Bank of Monticello* this court, at its last term,

said that a petition similar in its allegations was insufficient to support the judgment of the lower court. The defect in the petition is that it fails to allege a promise to pay on the part of appellant. Appellees say he executed his note, but that was only pleading a legal conclusion, for whether the defendant had executed his promissory note was a question for the court to determine on the facts pleaded and the evidence adduced. But the appellees fail to state that appellant was indebted to them or that he promised to pay them anything, and on demurrer the court cannot look at an exhibit filed with the petition, but must ascertain from the petition itself whether the plaintiff has stated a sufficient cause of action.

It is a general rule of pleading, without any exception, that a plaintiff cannot recover against a defendant unless he alleges in his pleading that the defendant is indebted to him or owes him something and has promised to pay it. And when a plaintiff sues on a note he must aver an express promise to pay its amount.

Wherefore the judgment is *reversed* with directions that the lower court permit appellees to amend their petition and for further proceedings consistent with this opinion.

*W. F. Gregory, for appellant.*